SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
Shardé T. Skahan (SBN 286157)
sskahan@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:   (310) 201-5219

SEYFARTH SHAW LLP
Bernard Olshansky (SBN 336251)
bolshansky@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:   (213) 270-9601

Attorneys for Defendants
ZUFFA LLC AND ENDEAVOR GROUP HOLDINGS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVAN BECKMAN, an individual,<br><br>              Plaintiff,<br><br>  v.<br><br>ZUFFA LLC, a Nevada Limited Liability Company, doing business as Ultimate Fighting Corporation; ENDEAVOR GROUP HOLDINGS, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,<br><br>             Defendants. | Case No. 2:21-cv-5570<br><br>**DEFENDANTS ZUFFA LLC AND ENDEAVOR GROUP HOLDINGS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Los Angeles County Superior Court, Case No. 21STCV14041]<br><br>Complaint Filed: April 13, 2021<br>Trial Date:           None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF DEVAN BECKMAN AND HER ATTORNEYS OF RECORD:**

1.  **PLEASE TAKE NOTICE** that Defendants ZUFFA LLC ("Zuffa") and ENDEAVOR GROUP HOLDINGS, INC. ("Endeavor") (collectively, "Defendants") file this notice of removal pursuant to 28 U.S.C. sections 1441(a) and (c) and 1446, based on federal question jurisdiction (28 U.S.C. section 1331) in order to effect the removal of the above-captioned action from the Superior Court for the County of Los Angeles to the United States District Court for the Central District of California, and states that the removal is proper for the following reasons.

**I.   BACKGROUND**

2.  On April 13, 2021, Plaintiff Devan Beckman ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles, entitled "*DEVAN BECKMAN, an individual, Plaintiff, v. ZUFFA LLC, a Nevada Limited Liability Company, doing business as Ultimate Fighting Corporation; ENDEAVOR GROUP HOLDINGS, INC., a Delaware Corporation; and DOES 1 through 50, inclusive,*" Case No. 21STCV14041 ("Complaint").

3.  In the Complaint, Plaintiff alleges fourteen causes of action against Defendants for: (1) "Solicitation of Employee by Misrepresentation (Labor Code § 970)"; (2) "Fraud and Deceit"; (3) "Negligent Misrepresentation"; (4) "Promissory Estoppel"; (5) "Breach of Oral Contract;" (6) "Disability Discrimination in Violation of the ADA"; (7) "Disability Discrimination in Violation of the [Nevada Revised Statutes] NRS"; (8) "Failure to Make Reasonable Accommodations in Violation of the [Americans with Disabilities Act] ADA"; (9) "Failure to Make Reasonable Accommodations in Violation of the NRS"; (10) "Failure to Engage in a Timely, Good Faith Interactive Process in Violation of the ADA"; (11) "Failure to Engage in a Timely, Good Faith Interactive Process in Violation of the NRS"; (12) "Retaliation in Violation of the ADA"; (13)

"Retaliation in Violation of the NRS"; and (14) "Wrongful Termination in Violation of Public Policy."

4. On June 11, 2021, Defendants' registered agents for service of process in California received, via process server, the Summons, Complaint, Civil Case Cover Sheet, Los Angeles Superior Court's First Amended General Order, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution Information Package, and Notice of Case Assignment - Unlimited Civil Case. A true and correct copy of the service packets received by Zuffa and Endeavor are attached as **Exhibits A** and **B** to this Notice of Removal.

5. On July 8, 2021, Defendants timely filed their Answer to Plaintiff's Complaint in Los Angeles County Superior Court. A true and correct copy of Defendants' Answer to Plaintiff's Complaint is attached as **Exhibit C** to this Notice of Removal.

6. Defendants have not filed or received any other pleadings or papers, other than the pleadings described as **Exhibits A** through **C**, in this action prior to this Notice of Removal. (Declaration of Shardé Skahan ("Skahan Decl."), ¶ 3.)

## II. TIMELINESS OF REMOVAL

7. The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint"); accord *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir., Feb. 1, 2018) ("We have also emphasized that 'a defendant does not have a duty of inquiry if the initial pleading or other document is 'indeterminate' with respect to removability.' *Roth v. CHA Hollywood Med. Ctr., L.P.*,

720 F.3d 1121, 1125 (9th Cir. 2013) (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693-94 (9th Cir. 2005)). Accordingly, 'even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document.'").

8. The service of process which triggers the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

9. This Notice of Removal is timely because it is filed within thirty (30) days of personal service of the Summons and Complaint on June 11, 2021. 28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery").

## III.   FEDERAL QUESTION JURISDICTION

10. This action is proper for removal to this Court on the ground that it is a civil action of which this court has original jurisdiction under 28 U.S.C. § 1331.

11. Any civil action commenced in state court is removable if it might have been originally brought in federal court. *See* 28 U.S.C. § 1441; *Exxon Mobil Corp. v. Allapattach Servs., Inc.*, 545 U.S. 546, 563-64 (2005) ("district court has original jurisdiction of a civil action for purposes of section 1441(a) as long as it has original jurisdiction over a subset of claims constituting the action").

12. The action may be removed to this Court by Defendants under 28 U.S.C. section 1441(a) because it arises under a federal statute, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1201, *et seq.* (*See* Compl. pp. 18-19, 21-22, 24-25, 27-28.)

13. Specifically, on the face of the Complaint, Plaintiff's Sixth, Eighth, Tenth, and Twelfth Causes of Action are those for "[Violations] of the ADA." (*See* Compl. pp.

18-19, 21-22, 24-25, 27-28.)  Thus, Plaintiff has expressly relied on a federal statute, the ADA.

14. Plaintiff's express reliance on the ADA in her Sixth, Eighth, Tenth, and Twelfth Causes of Action is sufficient to establish federal question jurisdiction.  Plaintiff is the "master of [their own] complaint," and could have "avoid[ed] federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Plaintiff did not do so.  Consequently, the action is removable based on federal question jurisdiction.  *See Vaden v. Discover Bank*, 556 U.S. 49, 59-60 (2009) (a suit arises under federal law when "the plaintiff's statement of his own cause of action shows that it is based upon [federal law]"); *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1118 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint.") (quoting *Caterpillar*, 482 U.S. at 392-93).

15. Accordingly, Plaintiff's reliance on the ADA on the face of her Complaint, and her numerous allegations seeking to support claims under the ADA, are sufficient to establish that she has pled federal causes of action.  Therefore, removal to this Court based on federal question jurisdiction is proper.

## IV. PENDENT JURISDICTION OVER STATE CLAIMS

16. The Court has pendent jurisdiction over Plaintiff's other state law claims because they arise from a nucleus of operative facts common to the state law claims and the ADA claims.  For a District Court to have pendent jurisdiction over state law claims "[t]he state and federal claims must derive from a common nucleus of operative facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966).  Once a federal court acquires removal jurisdiction over a case, it also acquires jurisdiction over pendent state law claims.  *See, e.g.*, *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 771 (9th Cir. 1986) ("[t]o conserve judicial resources, it was appropriate for the district court to decide" the state law claims).

17. Here the Court has pendent jurisdiction over Plaintiff's state law claims because they arise out of the same set of facts as those which form the basis of her ADA claims.

18. Plaintiff's Seventh, Ninth, Eleventh, and Thirteenth Causes of Action for violations of the Nevada Equal Employment Opportunity Act, Nevada Revised Statutes. "NRS" sections 613.310, *et seq*. Plaintiff's causes of action under the NRS are based on the same allegations as her Sixth, Eighth, Tenth, and Twelfth Causes of Action under the federal ADA. Plaintiff's NRS claims allege that "Defendants . . . knew of Plaintiff's disabilities . . ." and ". . . discriminated against Plaintiff by taking adverse action(s) as detailed herein." (*Compare, e.g.*, Compl. ¶¶ 101-103 *with* Compl. ¶¶ 113-115.) Indeed, Plaintiff's ADA and NRS claims both center on the Complaint's identical allegations that Defendants " . . . engaged in unlawful employment practices in violation of the ADA" and "in violation of the NRS." (*See* Compl. ¶¶ 128, 141.) In short, the allegations upon which Plaintiff's ADA and NRS claims are based are nearly identical.

19. Plaintiff's First, Second, Third, Fourth, Fifth, and Fourteenth Causes of Action for "Solicitation of Employee by Misrepresentation (Labor Code § 970)," "Fraud and Deceit," "Negligent Misrepresentation," "Promissory Estoppel," "Breach of Oral Contract," and "Wrongful Termination in Violation of Public Policy" also share a common nucleus of operative facts with Plaintiff's ADA claims. **First**, both sets of claims arise from Plaintiff's employment relationship with Defendants. *See Prakash v. Am. Univ.*, 727 F.2d 1174, 1183 (D.C. Cir. 1984) (finding that district court had jurisdiction over employee's federal FLSA claims and pendant jurisdiction over state law claims for breach of contract, interference with contract, conversion, deceit, and defamation; "[t]he federal and nonfederal claims [plaintiff] advances 'derive from a common nucleus of operative facts'—[the plaintiff's] contract dispute with the university…."). **Second**, each set of claims rely on events that took place around the same time. Plaintiff's First Cause of Action for "Solicitation of An Employee by Misrepresentation" stems out of Defendants alleged failure to adhere to the policies

provided to Plaintiff upon her hiring by allegedly failing to accommodate Plaintiff's disability. (*See* Compl. ¶ 58.) Plaintiff's Second, Third, Fourth, and Fifth Causes of Action for "Fraud and Deceit," "Negligent Misrepresentation," "Promissory Estoppel," and "Breach of Oral Contract" similarly stem out of what Plaintiff frames as Defendants' failure, in part, to reasonably accommodate employees with disabilities. (*See* Compl. ¶¶ 68, 78, 87, 93.)

20. Plaintiff's Fourteenth Cause of Action for "Wrongful Termination in Violation of Public Policy" cites to the ADA as the basis for the public policy of Nevada, "by prohibiting disability discrimination and retaliation against employees who request a reasonable accommodation or engage in other forms of protected activity." (Compl. ¶ 199.) Plaintiff's Fourteenth Cause of Action for "Wrongful Termination in Violation of Public Policy," thus, is premised on the ADA claims.

21. Therefore, the District Court has pendent jurisdiction over Plaintiff's remaining causes of action along with her ADA claims.

## V. VENUE

22. Venue lies in the Central District of California pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(c). This action originally was brought in the Superior Court of the State of California, County of Los Angeles, which is located within the Central District of the State of California. (*See* Ex. A, Compl.)

## VI. NOTICE OF REMOVAL

23. Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, in the State Court Action.

24. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

25. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as Exhibits **A** through **C** to this Notice of Removal.

## VII. PRAYER FOR REMOVAL

26. WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: July 9, 2021   Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Bernard Olshansky*
Jonathan L. Brophy
Shardé T. Skahan
Bernard Olshansky
Attorneys for Defendant
ZUFFA, LLC and ENDEAVOR GROUP HOLDINGS, INC.